UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

D.J.M. (XXX-XX-4371)                               CIVIL ACTION NO. 18-cv-0193

VERSUS                                           MAGISTRATE JUDGE HORNSBY

NANCY A. BERRYHILL

**MEMORANDUM RULING**

**Introduction**

       D.J.M. ("Plaintiff") was 56 years old when she filed an application for supplemental security income. She reported completing the 11th grade and earning a GED. Her previous jobs included housekeeper and maintenance worker, but she did not have any past relevant work within the meaning of the regulations. Plaintiff contended that she was disabled based on impairments including hip and spine problems, gastrointestinal reflux disease ("GERD"), and depression.

       ALJ John Antonowicz held an evidentiary hearing and issued a written decision that found that Plaintiff was not disabled. The Appeals Council denied a request for review, which made the ALJ's decision the final decision of the Commissioner. Plaintiff then filed this civil action to seek the limited judicial review that is available pursuant to 42 USC §405(g). The parties filed written consent to have a decision issued by a magistrate judge, and the case was referred to the undersigned pursuant to 28 USC § 636(c). For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Summary of the ALJ's Decision**

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. See Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). He found at step one that Plaintiff had not engaged in substantial gainful activity since her May 22, 2015 application date. At step two, he found that Plaintiff has the following severe impairments: degenerative joint disease of the right shoulder and right hip, degenerative disc disease of the lumbar spine, GERD, depressive disorder, anxiety disorder, moderate somatic symptom disorder with persistent pain, and gastritis and duodenitis. None of the impairments were found to meet or medically equal a listed impairment at step three.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work, subject to a number of limitations on reaching overhead, handling items, crouching and kneeling, climbing ladders, balancing, and the like. He also included in the RFC findings that Plaintiff can understand, remember, and carry out three-step instructions; can perform simple and routine tasks; can make simple work-related decisions; can tolerate few if any workplace changes; and can sustain only occasional interaction with coworkers and supervisors and no interaction with the general public.

The ALJ found at step four that Plaintiff did not have past relevant work within the meaning of the regulations. He heard testimony from a vocational expert ("VE") relevant to the step five issue of whether Plaintiff could perform the demands of other jobs. The VE identified representative occupations coffee maker, laundry laborer, and kitchen helper. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.

**Issues on Appeal**

Plaintiff's brief identifies two issues for appeal:

1. The ALJ's RFC determination is not supported by substantial evidence because he did not explain the rejection of limitations included within consultative examiner Dr. Staats' opinion.

2. The ALJ's finding that Plaintiff has a high school education is conclusory and not supported by substantial evidence.

**Standard of Review; Substantial Evidence**

This court's review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard. Perez, 415 F.3d at 461. "Substantial evidence is more than a scintilla and less than a preponderance." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Relevant Evidence**

**A. Hearing Testimony**

Plaintiff appeared, represented by counsel, at a hearing in February 2017. She testified that she was 57 and would turn 58 on March 4. She said that the highest grade

she completed in school was the 11th, and she received a GED. Plaintiff said she took the test for a driver's license a couple of years before the hearing, but she did not pass.

Plaintiff testified that acid reflux, in the prior six to eight months, prevented her from keeping food down. "I throw up every day, sometimes two or three times a day." She said OTC medicines such as Prilosec had not helped, and her physician was discussing a throat surgery. She also described pain in her shoulders, back, and other parts of her body that affect her ability to work. OTC pain medicine and therapy had not helped. She was wearing a brace on her left hand to treat trigger finger.

Plaintiff testified that on a typical day she would get up, take her medicine, eat breakfast, and watch TV or listen to music. But on some days, she has "little spells" where she gets emotional and cries and "just don't feel like even getting up out of the bed." She said that happened "maybe three times a week or something like that." Plaintiff also testified at length about her ability to walk, lift, and engage in other physical activities. When asked what was going on mentally, Plaintiff said that "sometimes I just don't feel like living" and that she was "just tired of being tired." She said she was taking Lexapro for help with anxiety, but it makes her feel "just out of it." She also said, "I just say what if I'm not here, then nobody has to mess with me or fool with me and I don't have to go through all of this stuff."

**B. Medical Evidence**

The agency referred Plaintiff to Thomas E. Staats, Ph.D., a clinical neuropsychologist, for a consultative examination. Plaintiff saw Dr. Staats in December 2015. Dr. Staats' conclusions included: "There is a high likelihood that she would show

problematic behaviors in a work setting in the form of anger, irritability, memory problems, pain behavior, crying spells, need for reminders and redirection, depression, poor vision, poor stress tolerance, sullenness, haughtiness, tardiness, and vomiting." He also found that Plaintiff "would marginally be able to tolerate the stress and pressure associated with the typical eight-hour per day . . . work setting's activities and demands." Tr. 353-57.

Ten months later, in October 2016, Plaintiff was admitted to the emergency department at University Health for suicidal ideation. Plaintiff stated that she thought nobody cared about her because she did not get any medication for her sleep, anxiety, or pain at the University Health clinics. She planned to overdose on some medicine and then stab herself, but she was interrupted by her daughter. She appeared anxious, and her speech was rapid and agitated. She had no history of treatment for such symptoms. Tr. 386-89. Plaintiff had her initial psychiatry clinic evaluation a couple of months later in December 2016. Plaintiff reported she had been taking Trazodone and Zoloft since her visit to the emergency room, but she said it did not work for her. She reported crying spells about three times a week. For example, she cried that morning because she did not have bus fare until a neighbor gave it to her. She cited symptoms of depression for about the last year. Tr. 395-97. He treatment continued at the psychiatry clinic continued.

State agency consultants reviewed Plaintiff's records, but did not examine her, in December 2015. The state agency physician determined that Plaintiff could perform medium work, subject to some limitations on crouching and overhead reaching. The state agency mental consultant stated that the report from Dr. Staats was "inconsistent with overall case file evidence and is given partial weight." The agency consultant found that

the case file evidence indicated Plaintiff "retains the capacity to perform work where interpersonal contact is routine but superficial, e.g. grocery checker; complexity of tasks is learned by experience, several variables, judgment within limits; supervision required is little for routine but detailed for non-routine." Tr. 98-100.

**The RFC Determination**

The ALJ conducted a thorough review of the medical evidence, which included the suicide-related visit to the ER and later psychiatric treatment with medication. Tr. 29-30. Psychiatry notes from January 2017 reflected that Plaintiff is doing okay, but not sleeping well, and she was not as emotional or crying as often as before. She had a calm and cooperative demeanor, but her insight remained poor. She continued taking medication. Tr. 30. The ALJ found that Plaintiff's symptoms related to the one hospitalization "are improving with regular counseling" with no reports of anxiety attacks or psychosis. Tr. 31.

The ALJ reviewed Dr. Staats' report and assigned it "partial weight, as he provided a one-time and brief examination of the claimant that gives only a 'snapshot' of her condition." The ALJ added that Dr. Staats "based his conclusions primarily on the subjective complaints of the claimant and did not consider the claimant's lack of treatment." At that time, Plaintiff had not undergone formal counseling, required psychotropic medication, or required emergency intervention. Tr. 31. On the other hand, the ALJ afforded the state agency mental consultant's opinion "great weight, as the claimant is not suicidal, aggressive, or psychotic, exhibits appropriate attention span and concentration, and has a positive response to counseling." Tr. 32.

Plaintiff argues that more weight should have been given to the opinion of the consultative examiner, who actually saw Plaintiff once, as compared to the agency mental consultant, who reviewed only records. The opinions of treating or examining sources are generally given more weight, but they can be given less weight with a proper explanation. Kneeland v. Berryhill, 850 F.3d 749, 760 (5th Cir. 2017). "[A]lthough the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir.1987). And an ALJ is entitled to afford great weight to the opinions of state agency consultative examiners where they are supported by the evidence. The consultants are considered experts in the social security disability program, and their opinions are valuable. Brooks v. Commissioner, 2016 WL 6436791, *10 (W.D. La. 2016).

Determining a claimant's RFC is the ALJ's responsibility. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir.1995). "The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." Gonzales v. Astrue, 231 Fed. Appx. 322, 324 (5th Cir. 2007). This includes the authority "to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990), quoting Scott v. Heckler, 770 F.2d 482, 485 (5th Cir.1985).

No medical source's opinion is, alone, conclusive as to the RFC, and "the ALJ's RFC assessment need not match with precision to any medical source opinion." Cunningham v. Astrue, 2011 WL 3651026, *7 (D. Utah 2011). The ALJ is not confined

to picking one opinion and adopting it. Like a trial judge or jury, the ALJ may weigh the competing opinions, take into consideration all of the other evidence of record, and make a finding that may not be exactly the same as the opinion of any one medical source. So long as the ALJ's finding is supported by substantial evidence, it is not subject to reversal. G.K.C. v. Soc. Sec. Admin., 2016 WL 1035393, *2 (W.D. La. 2016).

Plaintiff argues that she did not significantly improve, following her ER visit, to the extent suggested by the ALJ. The record indicates that Plaintiff was not free of symptoms after the visit, and the ALJ acknowledged that. He did not entirely discount her mental health problems or the limitations suggested by Dr. Staats. His RFC included rather significant limitations with respect to the ability to tolerate workplace changes, sustain interaction with coworkers and supervisors, and follow simple instructions. He even found that Plaintiff could have no interaction with the general public. The court finds that the ALJ's assessment of Plaintiff's RFC was a fair and reasonable weighing and assessment of the medical record and the opinions from Dr. Staats and the state agency consultant. The ALJ gave valid, though certainly debatable, reasons for weighing the opinions as he did. Reasonable minds could perhaps differ on how the competing evidence should be weighed, but the ALJ's decision was a reasonable one, and his RFC findings are supported by substantial evidence.

**High School Education**

Plaintiff testified at the hearing that she completed the 11th grade and earned a GED. Tr. 48. Education is an important factor in assessing disability. The regulations provide: "High school education and above means abilities in reasoning, arithmetic, and language

skills acquired through formal schooling at a 12th grade level or above." 20 C.F.R. § 404.1564(b)(4). The next lower category is limited education, which "means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." § 404.1564(b)(3). "We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." Id.

The ALJ determined that Plaintiff had a high school education and used that fact in assessing her disability claim. Plaintiff now argues that there is evidence to suggest that she has only a limited education, which would support a finding that she is disabled, given her age and other factors. Plaintiff points to the fact that she recently failed her driving test. (Her testimony is not clear as to whether it was the written or driving part that she failed.) Plaintiff also notes that she told Dr. Staats that her sister and daughter help her manage her funds and banking, and she stated in her function report that she could not manage a checkbook or a savings account.

The Commissioner responds that notes in medical records indicate that Plaintiff had a high school education, was not in special education, and did not suffer from a learning disability or dyslexia. Tr. 399. Dr. Staat's report noted that Plaintiff lived independently, was able to use public transportation, and reported adequate reading and writing skills. Plaintiff did say that she was unable to manage her money and banking, so she deferred to her daughter and sister on fiscal matters. Tr. 355.

Plaintiff stated in her own words that she completed the 11th grade and earned a GED. Her testimony at the hearing indicates that she is articulate and able to respond

appropriately to questions about her health, work experience, and these proceedings. Her function report, which appears to have been completed and signed in her own hand, also indicates a satisfactory ability to read and write. Tr. 190-97. There is significant evidence that she has the ability to read, write, and understand basic instructions. Considering the record as a whole, there is substantial evidence to support the ALJ's finding that Plaintiff had the equivalent of a high school education within the meaning of the regulations.

**Conclusion**

Plaintiff raised two assignments of error for appeal. The court has conducted a review of the claimed errors in light of the evidence of record and in consideration of the applicable standard of review. The court determines that Plaintiff is not entitled to judicial relief, so the Commissioner's decision to deny benefits is affirmed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 11th day of April, 2019.

*Mark L. Hornsby*
U.S. Magistrate Judge